```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STOKER WILLIAMS,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       16-CV-6830(JS)(ARL)

ODETTE HALL, Suffolk County Medical
Examiner, and THOMAS SPOTA, Suffolk
County District Attorney, in their
individual and official capacities,
and SUFFOLK COUNTY, as a Municipality,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Stoker Williams, pro se
                    16-A-5064
                    Shawangunk Correctional Facility
                    P.O. Box 700
                    Wakill, NY 12589

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On December 5, 2016, incarcerated pro se plaintiff Stoker Williams ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Medical Examiner Odette Hall ("Hall"), Suffolk County District Attorney Thomas Spota ("D.A. Spota"), and Suffolk County (the "County" and collectively "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff seeks to sue the individual Defendants in their individual and official capacities.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff's Complaint seeks to challenge Plaintiff's "convict[ion] of intentional murder." (Compl. at 7.) Plaintiff's sparse Complaint is submitted on the Court's Section 1983 complaint form and the "Statement of Claim" alleges the following, in its entirety:[2]

Stoker Williams 42 U.S.C. Section 1983 Claim:

1) I am suing head District Attorney of Suffolk County Thomas Spota. Because he made false statements to the media about me. Spota said to the media "I can't believe I shot that bitch for nothing." He told the media that I said that about a prostitute. I was indicted for murder. Since then I have been diagnosed with skitzofrenia and a personality disorder. But my other personality told me that he didn't say that.
    A) He defamed my character to muddy the waters of the jury pool.
    B) Slandered my name.
    C) Participated in malicious prosecution.
    D) Inflicted emotional distress.

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Plaintiff's allegations are reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> 2) I am suing Suffolk County medical examiner Odette Hall. In October of 2016 she testified at my criminal trial. She lied about where the victim was shot. Her testimony is part of the reason why I was convicted of intentional murder.
>    A) She defamed my character.
>    B) Slandered my name.
>    C) Took part in malicious prosecution by lying on the witness stand to convict me.
>    D) Her lies inflicted emotional distress on me.
>
> I am suing Thomas Spota and Odette Hall in their official and individual capacity. I want $140 million dollars from each of them. I am also suing Suffolk County as a municipality for $140 million dollars.

(Compl. ¶ IV and at 6-7.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

4

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999))

A. Heck v. Humphrey Bars Plaintiff's § 1983 Claims

When a claim for damages under § 1983 calls into question the validity of an underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). The petitioner in Heck was an inmate with a direct appeal from his conviction pending, who brought a § 1983 action for damages against state officials who, he claimed, acted unconstitutionally in arresting and prosecuting him. Drawing an analogy to the tort of malicious prosecution, the Supreme Court held that an inmate's § 1983 claim for damages was unavailable because he could not demonstrate that the underlying criminal proceedings had terminated in his favor. Id. at 486-87. The Supreme Court in Heck enumerated four methods of demonstrating that a conviction has been invalidated: (1) the conviction was reversed

5

on a direct appeal; (2) an executive order expunged the conviction; (3) a habeas corpus petition was issued by a federal court; or (4) an authorized state tribunal declared the conviction invalid. Id.

Here, as is readily apparent and, affording the pro se Complaint a liberal construction, Plaintiff does not allege that his conviction has been invalidated. Because Plaintiff's success on his civil rights claims in this case would necessarily invalidate the conviction, which is not alleged to have been reversed or vacated, Plaintiff's Section 1983 claims are not cognizable under Heck. Thus, Heck's bar precludes the adjudication of Plaintiff's Section 1983 claims,[3] and Plaintiff's Section 1983 claims are thus DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See, e.g., Whaley v. Lopez, 12-CV-2889, 2012 WL 3137900, at *7 (E.D.N.Y. July 30, 2012) (citing Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010) (prosecutorial misconduct claim is barred because such conduct necessarily implies invalidity of the conviction)). To the extent that Plaintiff is asserting pendant state law claims for malicious prosecution and or defamation and slander, the Court declines, in its discretion, to exercise supplemental jurisdiction over those claims given the dismissal of the federal claims. See 28 U.S.C. § 1367(c)(3);

---

[3] Although "§ 1983 remains a possible remedy when there is no other federal avenue through which to bring a claim", Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 375 (E.D.N.Y. 2013), Plaintiff has the opportunity to seek habeas relief once his constitutional claims are properly exhausted in state court.

6

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __5__, 2017
 Central Islip, New York